**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CHARLES H. FRENCH,** ) | |
| **ID # 1503820,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:09-CV-2300-M-BH |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a denial of "street time" credit to his sentence for time he spent on parole. Respondent is Rick Thaler, Director of TDCJ-CID.

After pleading guilty, petitioner was convicted in Dallas County, Texas, of two separate crimes of forgery in Cause Nos. F90-12719 and F90-25716 and was sentenced to concurrent eighteen-year terms of imprisonment on August 17, 1990. (Petition (Pet.) at 1). On January 6, 1998, he was released on parole. He returned to custody as a result of new convictions in 2000. (Response, Ex. A). Petitioner was again released on parole on October 1, 2003, and his parole was again revoked on September 28, 2007, due to a new conviction. *Id*.

On December 14, 2007, and June 17, 2008, petitioner filed two Time Credit Dispute Resolutions (TDR) contending that he was improperly denied credit for pre-revocation custody and

for street time credit. (*Id*, Pet. at 6-7). After receiving no relief, petitioner filed state habeas applications for writ of habeas corpus in both cases on July 28, 2008, asserting the same issues. (Pet. at 4). Petitioner was granted time credit for pre-revocation custody during the state habeas fact finding process. (Pet. at 7). However, he was denied relief on his street time credit claim when the Texas Court of Criminal Appeals denied his state habeas applications without written order on the findings of the trial court without a hearing. *See Ex parte French*, Nos. WR-68,972-05, WR-68,972-06 (Tex. Crim. App. Feb. 4, 2009).

On November 23, 2009, petitioner mailed his petition for federal habeas relief. (*See* Pet. at 15). In his supporting memorandum, he claims that he is entitled to street-time credit for the period from October 1, 2003, to September 19, 2007. (Mem. at 10). On February 2, 2010, respondent filed an answer asserting that petitioner's claim is moot because he has since been awarded the street time credit that he seeks. (Response at 2-3) No reply brief has been filed.

## II. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). Fed. R. Civ. P. 12(h)(3) requires that

federal courts dismiss an action whenever it is determined that there is a lack of jurisdiction over the subject matter.

Respondent asserts that, on January 5, 2010, petitioner was awarded street time credits for his two 1990 forgery cases, Cause Nos. F90-12719-L and F90-25716-KL, from the time period October 1, 2003 through September 28, 2007, pursuant to Tex. Gov't Code § 508.283(c) (Vernon 2001) (stating that, with respect to certain crimes, prisoners are entitled to credit for time spent on parole after the parole is revoked when the remaining portion of the sentence when revocation is initiated is less than half of the remaining portion of the sentence when the prisoner was released on parole). He attaches an affidavit from Charley Valdez, program specialist with the classification and records department of TDCJ. (Resp. Ex. A).

The record shows that petitioner has been given the street-time credit he seeks for the period from October 1, 2003 through September 28, 2007. The Court therefore lacks jurisdiction over his claim for lack of a live controversy, and it should be dismissed as moot.

### III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

The Court should **DENY AS MOOT** petitioner's time credit claim in the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 19th day of March, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                      _____
                                                                      IRMA CARRILLO RAMIREZ
                                                                      UNITED STATES MAGISTRATE JUDGE